UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRED KECK, | § | No. |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FRED KECK (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in 1305 Meadowbrook Lane, Johnson County, Texas 76097.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is an alleged debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with a business office in Norfolk, Virginia.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, MBNA America Bank, with an account number ending in 7738 (Defendant's reference number ending in 7752).

11. Plaintiff's alleged debt owed to MBNA America Bank arises from transactions for personal, family, and household purposes.

12. On June 1, 2009, Plaintiff's counsel faxed a cease and desist and a notice of representation letter to Defendant (Plaintiff's counsel's letter to Defendant and fax confirmation are attached as Group Exhibit A).

13. On February 22, 2010, Plaintiff's counsel faxed a cease and desist and a notice of representation letter to Defendant (Plaintiff's counsel's letter to Defendant and fax confirmation are attached as Group Exhibit B).

14. Despite receiving Plaintiff's counsel's letters (Exhibits A and B), Defendant communicated

with Plaintiff in an attempt to collect a debt (Defendant's letter to Plaintiff dated February 1, 2011, is attached as Exhibit C).

15. In August of 2010, Plaintiff's debt owed to MBNA America Bank was eliminated, and therefore, Plaintiff no longer owes a debt to MBNA America Bank.

16. Defendant is attempting to collect a debt from Plaintiff that Plaintiff no longer owes.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(2)* of the FDCPA by repeatedly communicating with Plaintiff even though Defendant knew Plaintiff was represented by an attorney.

   b. Defendant violated *§1692c(c)* of the FDCPA by repeatedly communicating with Plaintiff after Defendant received Plaintiff's cease and desist letter.

   c. Defendant violated *§1692e(2)(A))* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's alleged consumer debt because Plaintiff does not owe the debt.

   d. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt from Plaintiff because Plaintiff does not owe the debt alleged by Defendant.

   e. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect a debt that is not authorized by the agreement because Plaintiff does not owe the debt.

WHEREFORE, Plaintiff, FRED KECK, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

18. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, FRED KECK, demands a jury trial in this case.

Dated: February 26, 2011

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: /s/ Michael S. Agruss

Michael S. Agruss
California SBN: 259567
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: 866-620-2956
magruss@consumerlawcenter.com
Attorneys for Plaintiff,
FRED KECK

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, FRED KECK, states the following:

1. I am the Plaintiff in this civil proceeding
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, FRED KECK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct

_3-12-11_
Date

_Fred Keck_
FRED KECK